UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | | |
|---|---|---|
| WADE WILLIAM WILSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17-cv-1572 |
| | ) | |
| STATE OF ILLINOIS, JODI HOOS, | ) | Honorable Joe B. McDade |
| KEVIN LYONS, JILL DAVID, KEVIN | ) | |
| LOWE, and ROBERT M. SPEARS, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION & ORDER**

This matter is before the Court upon Plaintiff Wade William Wilson's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion to Request Counsel (Doc. 4). For the reasons given below, both motions are DENIED, the Complaint is dismissed.

BACKGROUND

In 2013, Wilson was charged with several counts of attempted burglary in violation of 720 ILCS 5/19-1(a). He pled guilty and was sentenced to concurrent terms of two years on of three counts of attempted burglary. (Doc. 1 at 9). He contends that he was wrongfully forced to serve consecutive sentences based on court employee, Jill David's, mistake in marking consecutive instead of concurrent (*see* Doc. 1 at 10) on the order committing him to the custody of the Illinois Department of Corrections. This error caused Wilson to serve a longer sentence

1

than he should have served. Wilson completed the improperly extended sentence and was released on July 22, 2016.

Wilson is currently in county jail on matters unrelated to this action. He now seeks to proceed in forma pauperis with a civil rights action by way of 42 U.S.C. § 1983 against the State of Illinois; the Peoria County state judge who presided over his 2013 case, Kevin Lyons; the then prosecutor, Jodi Hoos (now a state judge); his trial counsel, Kevin Lowe; the Clerk of Court, Robert Spears; and the court employee who he alleges incorrectly marked his sentencing order, Jill David. He alleges all of these parties were deliberately indifferent to his wrongfully prolonged prison sentence.

He has not alleged that any of the individual Defendants even knew about the mistaken order. Nor has he alleged that he attempted to take any measures to correct his sentence while he was incarcerated. Nevertheless, he seeks to force these state actors to resign their positions and to compensate him for pain and suffering to the tune of 1.2 million dollars.

**LEGAL STANDARDS**

"The privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Under 28 U.S.C. § 1915(a), an indigent jailed litigant may pursue a federal civil action by filing an affidavit that includes a statement of all assets such prisoner possesses, and affirms

that the prisoner is unable to pay court fees or provide security therefor. Wilson has done that. Section (e) of that same statute requires the court to dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. Another statute, 28 U.S.C. § 1915A, also requires the Court to review each and every complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity as soon as practicable to identify any cognizable (which means legally comprehensible and within the power of the Court to address) claims and to dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. Thus, the Court has a responsibility to analyze the Complaint as soon as practicable to determine whether the case should continue.

In reviewing a complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). As in any other case, a plaintiff can plead himself out of court by providing enough facts to demonstrate that he has no claim

3

for which relief nay be granted. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). This includes not only the facts alleged within the complaint, but also facts that come from documents that were incorporated into the pleadings. *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992). Although the court must take all well-pled allegations as true, when an exhibit incontrovertibly contradicts the allegations in the complaint, then the exhibit generally controls, even when the court is considering a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Additionally, the court may independently examine and form its own opinions about a document because it is not bound by a party's characterization of it. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

## DISCUSSION

Wilson's Complaint must be dismissed for two primary reasons. First, this Court does not have the power to force state officials and employees, some of whom were elected by the people of Peoria County, to resign their positions. Second, the allegations of the Complaint, even taken as true, do not set out with any degree of plausibility that any of the individual Defendants even knew of the error in Wilson's paperwork or that he was languishing behind bars for longer than he should have.

"Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). But it is axiomatic that for an action to be done deliberately, the actor had to have knowledge of the action. Wilson states some court employee named Jill David marked the wrong boxes on his sentencing

4

order. There is nothing pled in the Complaint from which one can draw the conclusion that anyone even knew of the mistake, let alone deliberately ignored it. It does not even appear Wilson himself noticed the error during his term of incarceration as the Complaint is silent as to what steps, if any, Wilson took to try to alert officials about the error.

For these reasons, the Court finds that the Complaint fails to state claims upon which relief may be granted on its face and must be dismissed. The ancillary motions are moot. In keeping with Seventh Circuit longstanding precedent of allowing pro se litigants to amend a pleading at least once, the Court will allow Plaintiff leave to amend the Complaint within twenty-one days of the entry of this Opinion and Order. If Plaintiff fails to submit an amended complaint by then, this civil action will be terminated.

## CONCLUSION

Plaintiff Wade William Wilson's Motion for Leave to Proceed In Forma Pauperis (Doc. 2) and Motion to Request Counsel (Doc. 4) are DENIED as moot. The Complaint (Doc. 1) is DISMISSED. Plaintiff has twenty-one (21) days from the entry of this Opinion and Order to submit an amended complaint.

SO ORDERED.

Entered this 5th day of January, 2018.

                                                    s/ Joe B. McDade
                                                    JOE BILLY McDADE
                                          United States Senior District Judge