UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| WADE WILLIAM WILSON, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> STATE OF ILLINOIS, JODI HOOS, ) <br> KEVIN LYONS, JILL DAVID, KEVIN ) <br> LOWE, and ROBERT M. SPEARS, ) <br> ) <br> Defendants. ) | Case No. 17-cv-1572 <br><br> Honorable Joe B. McDade |

## **OPINION & ORDER**

This matter is before the Court upon Plaintiff Wade William Wilson's Motion for Leave to Proceed In Forma Pauperis (Doc. 7) and Motion to Request Counsel (Doc. 9). For the reasons given below, both motions are DENIED, the Amended Complaint (Doc. 6) is DISMISSED, and the case is TERMINATED.

### BACKGROUND

On December 18, 2017, Wilson filed a civil rights complaint in this Court alleging that he was subjected to deliberate indifference by several Peoria county officials and/or employees. In 2013, Wilson was charged with several counts of attempted burglary in violation of 720 ILCS 5/19-1(a). He pled guilty and was sentenced to <u>concurrent</u> terms of two years on each of three counts of attempted burglary. (Doc. 1 at 9). He contends that he was wrongfully forced to serve <u>consecutive</u> sentences based on a court employee's mistake in marking a box next to the word "consecutive" instead of the box next to the word "concurrent" (*see* Doc. 1

1

at 10) on the order committing him to the custody of the Illinois Department of Corrections. This error caused Wilson to serve a longer sentence than he should have otherwise served. Wilson completed the improperly extended sentence and was released on July 22, 2016.

Wilson alleged in his original complaint that the State of Illinois; the Peoria County state judge who presided over his 2013 case, Kevin Lyons; the then prosecutor, Jodi Hoos (now a state judge); his trial counsel, Kevin Lowe; the Clerk of Court, Robert Spears; and a court employee who allegedly incorrectly marked his sentencing order, Jill David, were all deliberately indifferent to his wrongfully prolonged prison sentence. However, Wilson did not allege that any of the individual Defendants even knew about the mistaken order. Nor did he allege that he attempted to take any measures to correct his sentence while he was incarcerated. Nevertheless, in his Complaint, Wilson requested this Court to force the named state actors to resign their positions and to pay him 1.2 million dollars for pain and suffering.

Wilson is currently in Peoria County jail on matters unrelated to this action and sought to proceed in forma pauperis, which necessitated this Court to examine his pleading under 28 U.S.C. §§ 1915(a) and 1915A. The Court found that Wilson's Complaint had to be dismissed for two reasons. First, the Court recognized it did not have the power to force state officials and employees, some of whom were elected by the people of Peoria County, to resign their positions. Second, the allegations of the Complaint, even taken as true, did not set out with any degree of

2

plausibility that any of the individual Defendants even knew of the error in Wilson's paperwork or that he was languishing behind bars for longer than he should have.

There was nothing pled in the Complaint from which one could draw the conclusion that anyone knew of the mistake in his sentencing order, let alone deliberately ignored it. Furthermore, it did not appear from the Complaint that Wilson himself noticed the error during his term of incarceration. For these reasons, the Court found that the Complaint failed to state claims upon which relief may be granted on its face and had to be dismissed. However, in keeping with circuit precedent that requires district courts to allow pro se litigants at least one chance to correct deficient pleadings, the Court allowed Wilson leave to amend the Complaint.

Now Wilson has submitted an Amended Complaint and renewed his motions for leave to proceed in forma pauperis (Doc. 7) and for counsel (Doc. 9). This time, Wilson only names the State of Illinois, Kevin Lowe, and Jodi Hoos as defendants. The facts are essentially the same as originally pled, except now Wilson claims he informed a prison counselor about his sentence. He is not suing that counselor. He claims that counselor told him that the Illinois prison officials use mittimus papers from the courts to determine the appropriate duration of a sentence and that she showed him on her computer that his sentence was indeed six years according those mittimus papers.

## LEGAL STANDARDS

"The privilege to proceed without [paying] costs and fees is reserved to the many truly impoverished litigants who, within a district court's discretion, would

remain without legal remedy if such privilege were not afforded to them." *Brewster v. North Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Under 28 U.S.C. § 1915(a), an indigent jailed litigant may pursue a federal civil action by filing an affidavit that includes a statement of all assets such prisoner possesses, and affirms that the prisoner is unable to pay court fees or provide security therefor. Wilson has done that. Section (e) of that same statute requires the court to dismiss the case at any time if the court determines that the allegation of poverty is untrue; or the action is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. Another statute, 28 U.S.C. § 1915A, also requires the Court to review each and every complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity as soon as practicable to identify any cognizable (which means legally comprehensible and within the power of the Court to address) claims and to dismiss the complaint, or any portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune from such relief. Thus, the Court has a responsibility to analyze the Complaint as soon as practicable to determine whether the case should continue.

In reviewing a complaint, the Court accepts the factual allegations as true, liberally construing them in the plaintiff's favor. *Turley v. Rednour,* 729 F.3d 645, 649-51 (7th Cir. 2013). However, conclusory statements and labels are insufficient.

4

Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States,* 721 F.3d 418, 422 (7th Cir. 2013) (citation and internal quotation marks omitted). As in any other case, a plaintiff can plead himself out of court by providing enough facts to demonstrate that he has no claim for which relief nay be granted. *Atkins v. City of Chicago*, 631 F.3d 823, 832 (7th Cir. 2011). This includes not only the facts alleged within the complaint, but also facts that come from documents that were incorporated into the pleadings. *In re Wade*, 969 F.2d 241, 249 (7th Cir. 1992). Although the court must take all well-pled allegations as true, when an exhibit incontrovertibly contradicts the allegations in the complaint, then the exhibit generally controls, even when the court is considering a motion to dismiss. *Bogie v. Rosenberg*, 705 F.3d 603, 609 (7th Cir. 2013). Additionally, the court may independently examine and form its own opinions about a document because it is not bound by a party's characterization of it. *Forrest v. Universal Sav. Bank, F.A.*, 507 F.3d 540, 542 (7th Cir. 2007).

## DISCUSSION

Although Wilson has now amended his complaint, he has still failed to state a plausible claim upon which relief can be granted. "Incarceration beyond the date when a person is entitled to be released violates the Eighth Amendment if it is the product of deliberate indifference." *Figgs v. Dawson*, 829 F.3d 895, 902 (7th Cir. 2016). For an action to be have been performed <u>deliberately</u>, the actor had to have some sort of knowledge of the action. There is nothing pled in the Amended Complaint from which one can draw the conclusion that Kevin Lowe, Jodi Hoos, or

5

anyone else knew that a court employee marked the wrong box on Wilson's sentencing order except Wilson. He states that he sent letters to the Peoria courthouse and implored his family to go to the Peoria courthouse but nothing was ever done.

While the Court empathizes with Wilson to the extent that his allegations are true, no deliberate indifference claim can be sustained against the Defendants based on these allegations. Wilson has not pleaded any facts from which one can draw a plausible conclusion that Kevin Lowe or Jodi Hoos or anyone affiliated with the State of Illinois had knowledge that Wilson's commitment order was incorrectly marked concurrent instead of consecutive.

Since this was Wilson's second chance to plead a plausible claim, the Court will not allow further attempts to plead.

## CONCLUSION

Plaintiff Wade William Wilson's Motion for Leave to Proceed In Forma Pauperis (Doc. 7) and Motion to Request Counsel (Doc. 9) are DENIED as moot. The Amended Complaint (Doc. 6) is DISMISSED. CASE TERMINATED.

SO ORDERED.

Entered this 2nd day of February, 2018.

s/ Joe B. McDade<br>JOE BILLY McDADE<br>United States Senior District Judge